IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KERRY M. HICKS                                                                                           PLAINTIFF

v.                                    Civil No. 2:24-cv-02140-TLB-MEF

JESSIE CURRY;
JOHN DOE I;
JOHN DOE II;
CITY OF MENA, ARKANSAS;
SETH SMITH                                                                                              DEFENDANTS

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915(e)(2). Under this provision, the Court is required to screen any complaint in which a Plaintiff seeks to proceed *in forma pauperis*.

### I.     BACKGROUND

Plaintiff filed his Complaint on November 4, 2024. (ECF No. 1). In his Complaint, Plaintiff identifies himself as homeless[1] and his Complaint centers on an encounter with the Mena police on June 1, 2024. (*Id*. at 4-7).

Plaintiff alleges that on the morning of May 22, 2024, he was living on property he believed to be owned by Southern Pacific Railroad inside the city limits of Mena, Arkansas. (ECF No. 1 at 2). He indicates he had a tent, a camping stove, and a "pick up truck load of possessions." (*Id*. at

---

[1] Plaintiff provided a residential address for this Complaint.

1

2-3). Plaintiff indicates he and his possessions were "hauled off" to that location on May 2, 2024. (*Id*. at 3). Plaintiff does not indicate who hauled him there. Plaintiff indicates that he was first approached by two John Doe Mena police officers on May 22, 2024. They stated they had received a complaint about him living on the property. (*Id*. at 2). John Doe Officer 1 stated that Plaintiff needed to leave the premises by the next day. (*Id*. at 3).

On June 1, 2024, John Doe Officer 2 and Defendant Curry, both Mena police officers, approached him and told him he had been told to leave. (ECF No. 1 at 4). Plaintiff alleges that Defendant Curry acted "aggressively from the outset." (*Id*. at 5). Plaintiff alleges that Defendant Curry "walked up to Plaintiff to stare him in the face, their bodies separated by less than twelve inches, and Curry told Plaintiff that the railroad called and they want Plaintiff out of there." (*Id*.). Plaintiff asked if there was documentation of this call, and he was told there was not. (*Id*.). Plaintiff explained that he had no where else to go and had multiple health issues. (*Id*. at 5-6). Defendant Curry stepped away and made a phone call. (*Id*. at 6). At the end of the call John Doe Officer 2 stood about 10 feet away from Plaintiff and told him, "in a low voice barely more than a whisper 'We told you to leave.'" (*Id*.). Defendant Curry then told him it was now noon, and he needed to be gone when he returned at 2:00 p.m. (*Id*. at 6). They then left the property. (*Id*.). Plaintiff alleges that Curry stepping close to him and speaking "aggressively" constituted an assault and resulted in emotional distress. (*Id*. at 11).

Plaintiff began gathering his belongings and placing them on a concrete slab about 30 feet from his tent. (ECF No. 1 at 11). At 3:00 p.m. Plaintiff finished taking down his tent and placed it over his belongings like a tarp. (*Id*. at 7). He then started walking south along the train track, at which point a young woman approached his camp from the south, looked over his campsite and then exited the property. (*Id*.). Plaintiff assumed this woman was sent by Defendant Curry, so he

gathered some spare clothing, a blanket, and as much food as he could carry and left the property. (*Id*.). Plaintiff indicates he was forced to abandon all his other property. (*Id*.).

Plaintiff alleges that Defendant Curry and the John Doe officers violated his rights when they came onto private property without a warrant, probable cause, or reasonable suspicion that a crime had been committed. (ECF No. 1 at 8). He further alleges they used his status as a homeless person to cause his removal from the property through threats and intimidation in violation of Plaintiff's Fourteenth Amendment rights. (*Id*.).

Plaintiff spends considerable time in the Complaint discussing the fact there were no police reports or body camera footage of the interaction between the Mena officers and himself. (ECF No. 1 at 8-10). He states the City of Mena responded to his Arkansas Freedom of Information Act ("AFOIA") claim by stating that "no such information exists." (*Id*. at 7). Plaintiff alleges that Seth Smith, "having knowledge of Plaintiff's claim of police misconduct," failed to provide Plaintiff with body camera recordings or police reports when Plaintiff requested them under AFOIA. (*Id*. at 9). He conversely argues that the lack of police reports indicate that the two Mena officers conspired to violate his rights under the First and Fourteenth Amendments. (*Id*.).

Finally, Plaintiff states the City of Mena engages in discriminatory practices in its policy concerning homeless persons. (ECF No. 1 at 10). Specifically, Plaintiff alleges that anyone experiencing homelessness may present themselves to the Mena police station and ask that they be placed in a hotel for that night or be given a bus ticket out of town. (*Id*.). Once a homeless person makes that request, they are interviewed by officers, a police check is run on them, and a religious organization known as the Ministerial Alliance is contacted. Plaintiff alleges this is a discriminatory policy which "entangles" church and state action. (*Id*.). Plaintiff does not state that he approached Mena police department with this request.

Plaintiff asks the Court to order the City of Mena to provide body camera footage and police reports, or to provide an explanation as to why they do not exist. (*Id*. at 11). Plaintiff requests an unidentified declaratory judgment. (*Id*.). Plaintiff requests compensatory damages exceeding the jurisdictional amount for this court for Plaintiff's loss of property, pain and suffering, emotional distress, and other such emotional juries proved at trial. (*Id*.). Plaintiff seeks punitive damages in the amount of $250,000 from each Defendant. (*Id*. at 11-12).

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe

the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff's claims are frivolous and subject to summary dismissal. Plaintiff freely admits he was trespassing on private property with his camp. There is no federal constitutional right to trespass and camp on the private property of others. *See e.g.*, *Dundon v. Kirchmeier*, No. 1:16-CV-406, 2017 WL 5894552, at *16 (D.N.D. Feb. 7, 2017), *aff'd*, 701 F. App'x 538 (8th Cir. 2017) (unpublished) (citing *Adderley v. State of Florida*, 385 U.S. 39, 47-48 (1966)) ("The United States Supreme Court has said the First Amendment cannot be utilized as a justification for trespass, and the government has the right to enforce trespass laws as to both private and public property.")

Plaintiff alleges he was assaulted when Defendant Curry spoke aggressively to him and stood within a foot of him to do so. This claim fails for several reasons. First, Plaintiff does not allege that Curry ever touched him or threatened him. Second, even if a simple dispersal order could be construed as a threat, "[v]erbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *see also Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) (abusive language or verbal harassment is not, by itself, unconstitutional and will not support a civil rights cause of action). Third, fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest. *King v. Olmsted County*, 117 F.3d 1065, 1067 (8th Cir. 1997). Here, Plaintiff does not

allege that he was touched or physically injured in any way. Instead, he merely states that he suffered emotional distress because Defendant Curry stood near him and spoke "aggressively."

Plaintiff alleges that he suffered loss of personal property because of being forced to leave his camp. Plaintiff fails to state a plausible constitutional claim based on his personal property loss. *See Clark v. Kansas City Mo. Sch. Dist.*, 375 F.3d 698, 793 (8th Cir. 2004) (no cause of action for the taking of personal property as long as the state provides an adequate post-deprivation remedy). Even if the deprivation of his property was intentional, there is no Due Process violation when the state has provided Plaintiff with adequate post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available). Arkansas provides the post-deprivation remedy of conversion for the recovery of personal property. *See Elliot v. Hurst*, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). Accordingly, because Plaintiff could seek redress in Arkansas state courts to recover his lost property, he has no plausible claim pursuant to § 1983 in this regard.

Finally, Plaintiff alleges that Defendant Smith and the City of Mena violated his rights under the Arkansas Freedom of Information Act. "Violations of state law do not give rise to a cause of action under § 1983." *Carter v. Wasko*, No. 4:22-CV-04103-RAL, 2024 WL 3522017, at *2 (D.S.D. July 24, 2024) (citing *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000).

### IV.     CONCLUSION

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

<u>Referral Status</u>: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of December 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE